IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SIOUX FALLS DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> QSR PITA USA, INC., BUBBAMAX, LLC, PAUL DUERRE, and ADAM DUERRE, <br><br> Defendants. | CIVIL ACTION NO. 4:25-cv-4109 <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), Title I of the Civil Rights Act of 1991, and Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended, to correct unlawful employment practices on the basis of sex (pregnancy/female) and disability (pregnancy related condition) and to provide appropriate relief to Charging Party Kali Tornow. As alleged with greater particularity in paragraphs 37-40 below, Defendants QSR Pita USA, Inc. and BubbaMax LLC (as a successor to QSR Pita USA, Inc.) discriminated against the Charging Party based on sex (pregnancy/female) and disability (pregnancy related condition) by denying her a reasonable accommodation and terminating her in violation of Title VII and the ADA.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 703(a)(1), 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-2(a)(1), § 2000e-5(f)(1) and (3) ("Title VII"), as well as Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Dakota.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and Title I of the ADA and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. From at least January 2023 to January 2025, Defendants Paul Duerre and Adam Duerre were owners of Defendant QSR Pita USA, Inc.

5. From at least January 2023 to January 2025, Defendant QSR Pita USA, Inc. was a South Dakota corporation that continuously did business in the State of South Dakota and the City of Sioux Falls, SD, and continuously had at least 15 employees.

2

6. From at least January 2023 to January 2025, Defendant QSR Pita USA, Inc. was an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7) and Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

7. Defendant QSR Pita USA, Inc. dissolved in January 2025. However, from at least January 2023 to January 2025, QSR Pita USA, Inc. was a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

8. Even after dissolution, the locations formerly operated by QSR Pita USA, Inc., continued to operate and serve the same or similar menu as prior to the dissolution.

9. A "Second Amendment to Franchise Agreement" was made on March 17, 2025, by and between Pita Pit Franchising, LLC ("Franchisor"), QSR Pita USA, Inc. ("QSR" or "Old Franchisee"), BubbaMax LLC ("New Franchisee" or "BubbaMax") and Paul Duerre ("Guarantor").

10. Since at least March 17, 2025, BubbaMax assumed operation from QSR of all or a substantial portion of the business formerly owned by QSR.

11. Since at least March 17, 2025, Defendant BubbaMax LLC was a South Dakota limited liability company that continuously did business in the State of South Dakota and the City of Sioux Falls, SD, and continuously had at least 15 employees.

12. Since at least March 17, 2025, Defendant BubbaMax LLC was an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7) and Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

13. Since at least March 17, 2025, Defendant BubbaMax LLC has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

14. Since at least March 17, 2025, Defendant BubbaMax LLC, New Franchisee, owns all or substantially all of the locations that operated under Old Franchisee, Defendant QSR Pita USA, Inc.

15. Since at least March 17, 2025, Defendant BubbaMax LLC, New Franchisee, operates all or substantially all of the locations that operated under Old Franchisee, Defendant QSR Pita USA, Inc.

16. Since at least March 17, 2025, Defendant BubbaMax LLC, New Franchisee, continues the businesses that operated under Defendant QSR Pita USA, Inc., the Old Franchisee.

17. Defendant BubbaMax LLC, New Franchisee, continues to operate the restaurants that formerly operated under Defendant QSR Pita USA, Inc., the Old Franchisee.

18. Defendant BubbaMax LLC, New Franchisee, continues to use the facilities of the restaurants that formerly operated under Defendant QSR Pita USA, Inc., the Old Franchisee.

19. Defendant BubbaMax LLC continues to operate the restaurants that were formerly owned by Defendant QSR at the same addresses where they operated under Defendant QSR.

20. Defendant BubbaMax LLC continues to operate the restaurants it obtained pursuant to the Second Amended Franchise Agreement in the same locations, in the same line of business, and with substantially the same staff and resources as when the restaurants were owned by Defendant QSR.

21. Defendant Paul Duerre was an owner of Old Franchisee, Defendant QSR, from at least January 2023 to December 2024.

22. Defendant Adam Duerre was an owner of Old Franchisee, Defendant QSR, from at least January 2023 to December 2024.

23. Defendant BubbaMax LLC, New Franchisee, had prior notice of the pending EEOC charge against Defendant QSR, Old Franchisee, through Defendant Paul Duerre, the Guarantor.

24. BubbaMax LLC had notice of the EEOC's investigation of the matters alleged in this complaint through its agent, Paul Duerre, with whom the EEOC corresponded throughout the investigation.

25. Prior to the dissolution of Defendant QSR in January 2025, Defendant QSR could have provided both the monetary and injunctive relief requested in this complaint.

26. Since BubbaMax LLC assumed operation of QSR, QSR is now unable to provide the monetary and injunctive relief sought in this matter.

27. Defendant BubbaMax LLC, the New Franchisee, is the successor in liability and damages to Defendant QSR Pita USA, Inc., the Old Franchisee, for all purposes related to this action.

28. Defendant QSR is included in this lawsuit pursuant to S.D. Codified Laws § 47-1A-1407.2, which allows for lawsuits against dissolved South Dakota entities.

29. Defendants Paul Duerre and Adam Duerre are included in this lawsuit pursuant to S.D. Codified Laws § 47-1A-1407.2 and as shareholders of QSR.

30. Since BubbaMax LLC assumed the operation of QSR Pita USA, Inc., Defendants BubbaMax LLC, Paul Duerre, and Adam Duerre will be able to provide both the monetary and injunctive relief sought in this lawsuit.

5

31. Defendants BubbaMax LLC, Paul Duerre, Adam Duerre, and QSR are collectively referred to herein as "Defendant Employer."

## ADMINISTRATIVE PROCEDURES

32. More than thirty days prior to the institution of this lawsuit, Charging Party Kali Tornow filed a charge with the Commission alleging violations of Title VII and the ADA by Defendant QSR.

33. On December 18, 2024, the Commission issued a Letter of Determination to Defendant QSR, finding reasonable cause to believe that Title VII and the ADA were violated and inviting Defendant QSR to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

34. The Commission engaged in communications with Defendants QSR and Paul Duerre to provide Defendant Employer the opportunity to remedy the discriminatory practices described in the Letter of Determination.

35. On January 22, 2025, the Commission issued to Defendant QSR a Notice of Failure of Conciliation advising Defendant QSR that the Commission was unable to secure from Defendant QSR a conciliation agreement acceptable to the Commission.

36. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

37. Since at least February 2023, Defendant QSR engaged in unlawful employment practices in violation of Title VII, 42 U.S.C. § 2000e(k), § 2000e-2(a), § 2000e-2(m), and in violation of the ADA, 42 U.S.C. § 12112(a) and § 12112(b)(5).

        a)        Defendant QSR terminated Charging Party because of her sex (pregnancy) after Charging Party informed Defendant QSR of her pregnancy and requested to work from home until the end of her first trimester due to severe pregnancy related nausea.

        b)        Prior to this request related to her pregnancy, Charging Party had been working at home and Defendant had not given her any negative feedback about her performance.

        c)        After she informed Defendant of her pregnancy, Defendant told her that her pregnancy was a "distraction" from work. Defendant asserted that Charging Party would not be "as effective in the business."

        d)        Charging Party Kali Tornow is a qualified individual with a disability as defined in Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Tornow had an impairment, severe pregnancy related nausea, that substantially limited a major life activity.

        e)        Charging Party Kali Tornow requested a reasonable accommodation of temporary work from home, until the end of her first trimester, and a brief period of leave due to severe nausea related to her pregnancy. Defendant QSR knew of the Charging Party's limitations, yet Defendant QSR failed to provide the reasonable accommodation requested or any other accommodation. Instead, Defendant QSR terminated Tornow.

38.        The effect of the practices complained of in paragraph 37 above has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect her

status as an employee because of her sex (pregnancy), disability, and need for disability accommodation.

39. The unlawful employment practices complained of in paragraph 37 above were intentional.

40. The unlawful employment practices complained of in paragraph 37 above were done with malice or with reckless indifference to the federally protected rights of Charging Party Kali Tornow.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, and its successors, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against pregnant employees, including but not limited to those with pregnancy related disabilities who request reasonable accommodations.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant women and for qualified individuals with disabilities and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Charging Party Kali Tornow, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement.

D. Order Defendant Employer to make whole Charging Party Kali Tornow by providing compensation for past and future pecuniary losses resulting from the unlawful

employment practices described in paragraphs 37-40 above, including but not limited to job search expenses, medical expenses, and consumer debt accrued due to unemployment, in amounts to be determined at trial.

E.Order Defendant Employer to make whole Charging Party Kali Tornow by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 37-40 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.Order Defendant Employer to pay Charging Party Kali Tornow punitive damages for its malicious and reckless conduct, as described in paragraphs 37-40 above, in amounts to be determined at trial.

G.Grant such further relief as the Court deems necessary and proper in the public interest.

H.Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

ANDREW ROGERS
Acting General Counsel
U.S. EEOC
131 M. Street NE
Washington, DC 20507


CHRISTOPHER LAGE
Deputy General Counsel
U.S. EEOC
131 M. Street NE
Washington, DC 20507

GREGORY GOCHANOUR

Regional Attorney
U. S. EEOC Chicago District Office
230 South Dearborn Street, Ste. 2920
Chicago, IL 60604
Email: gregory.gochanour@eeoc.gov

DEBORAH HAMILTON
Assistant Regional Attorney
U. S. EEOC Chicago District Office
230 South Dearborn Street, Ste. 2920
Chicago, IL 60604
Email: deborah.hamilton@eeoc.gov


*/s/ Leslie N. Carter*
Leslie N. Carter (IL #6311023)
Senior Trial Attorney
U.S. EEOC Milwaukee Area Office
310 W. Wisconsin Ave., Ste. 500
Milwaukee, Wisconsin 53203
414.662.3711 (phone)
leslie.carter@eeoc.gov


U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
U.S. Equal Employment Opportunity Commission

## DEFENDANTS
QSR Pita USA, Inc., BubbaMax LLC, Paul Duerre and Adam Duerre

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Minnehaha County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Leslie N. Carter, Senior Trial Attorney, US EEOC, 310 W. Wisconsin Ave, Suite 500, Milwaukee, WI 53203, (414) 662-3711

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS – PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**PERSONAL INJURY**
- [ ] 362 Personal Injury - Med. Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 441 Voting
- [X] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 444 Welfare
- [X] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence
- Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, 42 U.S.C. § 2000e-5, and the Americans with Disabilities Act, 42 U.S.C. § 12117

Brief description of cause:
Legal action to correct unlawful employment practices on the basis of sex (pregnancy/female) and disability (pregnancy related condition).

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: 06/23/2025
SIGNATURE OF ATTORNEY OF RECORD: /s/ Leslie N. Carter

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse  (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) Attorneys.  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction**.  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit**.  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin**.  Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action**.  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity**.  Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint**.  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases**.  This section of the JS 44 is used to reference related pending cases if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**.  Date and sign the civil cover sheet.